ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| ANTONIO LEAL GONZÁLEZ Y OTROS<br><br>RECURRIDOS<br><br>v.<br><br>MEARKLE GROUP INC. Y OTROS<br><br>PETICIONARIOS | KLCE202400154 | *Certiorari p*rocedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Número: CA2023CV01753<br><br>Sobre:<br>Acción Reivindicatoria |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres, la Jueza Rivera Pérez y el Juez Campos Pérez

Ortiz Flores, Jueza Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 11 de marzo de 2024.

El Banco Popular de Puerto Rico (Banco Popular; peticionario) comparece ante este Tribunal de Apelaciones mediante un recurso de *certiorari*, en el cual solicitó la revocación de la *Orden* expedida y notificada el 8 de enero de 2024 por el Tribunal de Primera Instancia, Sala Superior de Carolina. Precisamente, el foro recurrido denegó la desestimación de la acción reivindicatoria instada en contra del peticionario.

Por los fundamentos a continuación denegamos la expedición del recurso de *certiorari*.

**I**

Antonio Leal González, Mirtha Bárbara Cruz Valladares y la Sociedad Legal de Gananciales compuesta por ambos, presentaron una acción reivindicatoria en contra de Mearkle Group, Inc. Mediante dicha demanda solicitaron que estos desalojaran 1,827.489 pies cuadrados de su propiedad y se reclamó el pago de una compensación ascendente a $116,014.60 por el uso y disfrute ilegal de su propiedad.

Tras varias instancias procesales, Mearkle contestó la demanda en la que adujo como defensa afirmativa que el inmueble objeto de litigio estaba gravado por una hipoteca en garantía de un pagaré por la suma de

Número Identificador
RES2024_____

$600,000.00 a favor del Banco Popular de PR. Posteriormente, mediante una moción conjunta Mearkle y el peticionario adujeron que se debía enmendar la demanda para acumular al Banco Popular debido a que como acreedor hipotecario tenía un interés legítimo en el pleito. Así los recurridos presentaron su demanda enmendada para acumular al Banco como parte indispensable.

El peticionario presentó una *Moción de desestimación* al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, en la que expone que no se presentó una reclamación en su contra que justificara la concesión de un remedio en su contra. Así las cosas, el Tribunal de Primera Instancia emitió una *Orden* mediante la cual declaró no ha lugar la *Moción de Desestimación*. Inconforme, el peticionario presentó el recurso de *certiorari* ante nuestra consideración, en el cual adujo que el foro recurrido incurrió en los siguientes errores:

> Erró el TPI al denegar de plano la solicitud de desestimación de BPPR en la medida que no se configura una causa de acción reinvindicatoria en contra de BPPR que justifique su acumulación en el pleito.
>
> Erró el TPI al denegar de plano la solicitud de desestimación de BPPR dado que no se impugna la validez de la hipoteca a su favor en la causa de acción de los recurridos.
>
> Erró el TPI al denegar de plano la solicitud de desestimación de BPPR cuando el desenlace del litigio no afecta su derecho hipotecario debidamente inscrito en el Registro de la Propiedad.

Mediante resolución concedimos término a las partes recurridas para que presentaran su posición respecto al recurso de autos. Conforme a ello, los recurridos presentaron su oposición a la expedición del *certiorari*.

**II**

**A.**

El auto de *certiorari* es el vehículo procesal extraordinario "que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior." *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012). Se trata de un recurso caracterizado principalmente por la discreción encomendada al tribunal revisor para decidir si debe expedir o

denegar el auto. *Id.* Al respecto, la Regla 52.1 de Procedimiento Civil, *supra*, contempla los escenarios en los que procede la presentación de un recurso de *certiorari* ante el Tribunal de Apelaciones. De ordinario no procede la presentación de *certiorari* para revisar ordenes interlocutorias; sin embargo, se permite cuando se deniega una moción de carácter dispositiva, entre estas las mociones de desestimación.

Los recursos de *certiorari* sobre resoluciones postsentencia deben evaluarse bajo los parámetros establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40 (Regla 40). Como es sabido, debido a que la discreción judicial no opera en el vacío, *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011), la Regla 40 esboza los criterios que este tribunal revisor debe considerar al determinar la expedición o denegación de un auto de *certiorari*. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Es decir, estamos obligados a evaluar "tanto la *corrección de la decisión recurrida*[,] *así como la etapa del procedimiento en que es presentada*; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio." *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008), que cita a *Negrón v. Srio. de Justicia*, 154 DPR 79, 97 (2001). Asimismo, se ha resuelto que "los tribunales apelativos no debemos intervenir con el

ejercicio de la discreción de los foros de instancia, salvo que se demuestre que hubo un craso abuso de discreción, prejuicio, error manifiesto o parcialidad." *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), que cita a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

**B.**

La acción reivindicatoria es la que presenta el propietario de una cosa para recuperar su posesión, contra aquel legitimado pasivamente en este tipo de acción: el poseedor o tenedor presente de la cosa reivindicada. Precisamente, el Art. 820 del Código Civil dispone que: "el propietario que no posee puede ejercitar la acción reivindicatoria contra el poseedor que frente a él no puede alegar derecho que justifique su posesión. 31 LPRA sec. 8101. Así los requisitos para que proceda esta causa de acción son los siguientes: "(a) el justo título de propiedad del demandante; (b) que la acción se dirija contra quien tiene la cosa en su poder; (c) falta de título del poseedor no propietario que permita seguir en la posesión; y (d) la identificación precisa de la cosa cuya restitución se solicita". 31 LPRA sec. 8102.

Cuando se presenta una demanda de reivindicación en contra de quien tiene inscrito su derecho en el Registro de la Propiedad, debe cumplir los dispuesto en la legislación registral inmobiliaria. 31 LPRA sec. 8103. A su vez, la *Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico*, Ley Núm. 210-2015, dispone las situaciones en las que procede la cancelación de asientos registrales independiente a la voluntad de los interesados. Art. 207, 30 LPRA sec. 6337. Entre estos se encuentra cuando recae una sentencia que concede reivindicación o declara la existencia de un derecho real. *Id*.

**C.**

La Regla 16.1 de Procedimiento Civil, *supra*, dispone lo siguiente: "Las personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como

demandantes o demandadas, según corresponda". La *parte indispensable* ha sido definida como aquella que posee "un interés común sin cuya presencia no pueda adjudicarse la controversia". *García Colón et al v. Sucn. Gonzázlez*, 178 DPR 527, 548 (2010). En palabras del Tribunal Supremo, se trata de aquella parte "de la cual no se puede prescindir y cuyo interés en la cuestión es de tal magnitud, que no puede dictarse un decreto final entre las otras partes sin lesionar y afectar radicalmente sus derechos." *Id.*

El tratadista Cuevas Segarra plantea que el término "interés común no se trata de cualquier interés en el pleito, sino que "[t]iene que ser un interés de tal orden que impida la confección de un decreto sin afectarlo." J. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da Ed., Publicaciones JTS, 2011, Tomo II, pág. 691. Se ha dicho que, al determinar de si se trata de una parte indispensable o no, se debe llevar a cabo un enfoque pragmático. *García Colón et al. v. Sucn. González, supra,* pág. 549. Por igual, la norma vigente requiere un análisis particularizado de conformidad con las circunstancias de cada caso; y no se favorece la aplicación de "una fórmula con pretensiones omnímodas." *Id.*, pág. 550. Como parte del análisis jurídico a realizarse deben evaluarse factores tales como: lugar, tiempo, modo, alegaciones, prueba, clase de derechos, intereses en conflicto, resultado y formalidad. Cuevas Segarra, *op. cit.*, pág. 695. Es por esta razón que los foros judiciales debemos realizar un análisis juicioso en el que debemos incluir la determinación de los derechos del ausente, así como de las consecuencias de no unirlo como parte. *Colón Negrón et al. v. Mun. Bayamón*, 192 DPR 499, 512 (2015).

En armonía con lo anterior, la Regla 16.2 de Procedimiento Civil, *supra*, provee también para que el tribunal ordene "la comparecencia de aquellas personas sujetas a su jurisdicción quienes, a pesar de no ser partes indispensables, deban ser acumuladas si se ha de conceder un remedio completo a las personas que ya sean partes en el pleito." Si bien la determinación de la acumulación de personas que no son indispensables

es un asunto discrecional del tribunal, al dirimirlo "debe considerar si la sentencia que dictará en su día le pondría punto final a la controversia entre las partes que ya están incluidas en el pleito." Secretariado de la Conferencia Judicial y Notarial, *Informe de Reglas de Procedimiento Civil*, marzo 2008, pág. 208. Cuando se alude a un "remedio completo", se refiere al remedio entre las partes incluidas en el pleito, no al que pueda obtenerse entre una parte y el ausente. *Id.*; *Mun. de Ponce v. A.C. et al.,* 153 DPR 1, 16 (2000). En fin, la norma procesal "garantiza los valores siguientes: evitar multiplicidad de litigios, proveer a las partes un remedio final, completo y efectivo en el mismo pleito, y proteger a los ausentes de los efectos nocivos de una decisión sin su presencia." (Énfasis nuestro.) *Granados v. Rodríguez Estrada II*, 124 DPR 593, 605 (1989).

**III**

De entrada, cabe puntualizar que el recurso de *certiorari* presentado por el peticionario es un vehículo procesal discrecional para que este foro pueda revisar las determinaciones de un tribunal inferior. La Regla 52.1 de Procedimiento Civil, *supra*, nos da la facultad para revisar órdenes interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurre de la denegatoria de una moción de carácter dispositivo. No obstante, esta discreción no se ejerce en el vacío. Es decir, que se nos ha delegado la facultad de determinar si acogemos el recurso o declinamos emitir un dictamen sin la obligación de tener que fundamentar nuestra decisión ante ello.

La Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, establece los criterios a ser considerados al momento de ejercer tal discreción. Evaluada la orden recurrida, esta no cumple con los criterios antes esbozados de la Regla 40, *supra*. No vemos que, en el manejo del caso ante el TPI, se incurrió en un abuso de discreción o que este haya actuado bajo prejuicio o parcialidad. Tampoco se demostró que, el TPI se haya equivocado en la interpretación o aplicación de una norma procesal y

que, intervenir en esta temprana etapa, evitaría un perjuicio sustancial contra del peticionario. Por consiguiente, resolvemos denegar la expedición del auto de *certiorari*.

El peticionario sostiene que procedía la desestimación de la acción en su contra por que la demanda era insuficiente para sostener una acción reivindicatoria en contra del Banco Popular. Así, sostuvo que el pleito de autos no afectaba la validez del colateral que garantiza el derecho real constituido a su favor. Sin embargo, el foro recurrido no erró al denegar la desestimación puesto que el derecho hipotecario del peticionario pudiera verse afectado por el desenlace del caso de autos. Entiéndase, conforme al Artículo 207 de la Ley del Registro de la Propiedad Inmobiliaria, *supra*, pudiera recaer una sentencia de reivindicación que modifique la cabida de la propiedad gravada que garantiza el derecho real a favor del peticionario.

**IV**

Por los fundamentos anteriores, se deniega la expedición del recurso de *certiorari*.

**Notifíquese.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones